IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MICHELLE D. OWEN                                                            PLAINTIFF

     v.                                        CIVIL NO. 13-3113

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                              DEFENDANT

**MEMORANDUM OPINION**

     Plaintiff, Michelle Owen, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under the provisions of Titles II and XVI of the Social Security Act ("Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I. Procedural Background**

     In a prior action, Plaintiff filed applications for DIB and SSI on January 29, 2010, alleging disability since January 5, 2009, due to "bad back, left shoulder and left arm, feet, and depression." (Tr. 60). An administrative hearing was held on December 17, 2010, and on June 23, 2011, an ALJ ("ALJ") entered an unfavorable decision on Plaintiff's application. (Tr. 60-70). Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on May 24, 2012. (Tr. 79-81). Plaintiff subsequently appealed the decision on June 26, 2012. On August 21, 2013, Judge P. K. Holmes entered a decision dismissing Plaintiff's complaint and affirming the

decision of the Commissioner. Owen v. Colvin, No. 12-cv-3071, 2013 WL 4498756 (W.D. Ark. Aug 21, 2013).

Following the Commissioner's unfavorable decision in her earlier case, Plaintiff filed new applications for DIB and SSI on July 7, 2011, which is the subject of this matter. In her applications, she alleged an inability to work since January 5, 2009, due to a bad back, left shoulder and left arm problems, depression, problems in both knees, and arthritis. (Tr. 9, 214). At the administrative hearing, Plaintiff amended her onset date to June 24, 2011. (Tr. 9, 29-30). For DIB purposes, Plaintiff retained insured status through September 30, 2013. (Tr. 11, 180).

Her new claims were initially denied on August 31, 2011, and denied upon reconsideration on January 11, 2012. (Tr. 86-89, 97-99). An administrative hearing was held on September 4, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 26-56). The ALJ refused to reopen Plaintiff's first application and stated that the previous decision was the "final decision of the Social Security Administration on the claimant's claims through that date." (Tr. 9).

By a written decision dated December 28, 2012, the ALJ found Plaintiff had the following severe impairments: "degenerative joint disease of the thoracolumbar spine status post remote surgery, history of left fibula fracture, osteoarthritis of the feet, and left shoulder impingement with probable rotator cuff tear." (Tr. 12). After reviewing all of the evidence presented, the ALJ determined Plaintiff's impairments did not meet or equal the level of severity of any impairment in the Listing of Impairments. (Tr. 13-14). The ALJ found Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work except:

> the claimant is able to only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, and cannot climb ladders, ropes, or scaffolds. The claimant also cannot

>perform work overhead and is limited to frequent but not constant reaching in all other directions with the non-dominant left hand. (Tr. 14).

With the help of a vocational expert ("VE"), the ALJ determined Plaintiff could not perform her past relevant work ("PRW"), but Plaintiff retained the capacity to perform the requirements of representative occupations such as lens inserter and zipper trimmer machine operator. (Tr. 18-19, 51-55). The ALJ then found Plaintiff had not been under a disability as defined by the Act during the relevant time period. (Tr. 20).

Plaintiff next requested a review of the hearing decision by the Appeals Council, which denied the request on November 8, 2013. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is ready for decision. (Doc. 11, Doc. 13).

**II. Applicable Law.**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those

positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant for Social Security Disability Benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC.

**III. Discussion**

On appeal, Plaintiff argues the ALJ erred by not including depression as a severe impairment and by not giving greater weight to the opinions of her treating physician. (Doc. 11 at 11-14).

**A. Severe Impairments**

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C.F.R. § 404.1520(c). An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921. The Step Two requirement is only a threshold test so the claimant's burden is minimal and does not require a showing that the impairment is disabling in nature. See Bowen v. Yuckert, 482 U.S. 137, 153-154 (1987). The claimant, however, has the burden of proof to show she suffers from a medically-severe impairment at Step Two. See Mittelstedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000).

The ALJ addressed Plaintiff's alleged depression, but determined it was non-severe, as there was no indication in Plaintiff's treatment records that she experienced anything more than a minimal limitation. (Tr. 12).

A review of the record shows Plaintiff was seen at the Mountain Home Christian Clinic on May 19, 2011, for a routine follow-up and was "doing well." (Tr. 276-277). On August, 30, 2011, Dr. Diane Kogut, a psychiatrist, submitted a medical RFC assessment and opined Plaintiff "is not limited by mental symptoms ... [her] mental impairment is not severe." (Tr. 284). On October 18, 2011, Dr. Abesie Kelly, a psychiatrist, noted there were no new medical documents or a mental health follow up since the initial filing, and affirmed Dr. Kogut's opinion. (Tr. 295). Plaintiff was next seen by Dr. Ted Lennard, a state consultative physician, on January 6, 2012, who noted

Plaintiff's mood and affect indicated "no depression, anxiety, or agitation" during the exam. (Tr. 303). A clinic note from the Mountain Home Christian Clinic dated August 16, 2012, showed Plaintiff was prescribed Celexa for depression. (Tr. 412).

At the administrative hearing, on September 4, 2012, Plaintiff testified she had recently starting taking Celexa for depression. (Tr. 35). She also testified she had recently spent a month in Arizona with her family and she felt better during her trip. (Tr. 40). While traveling, she stayed by the pool most of the time, but also went to the mall "probably every other day ... for an hour--hour and a half." (Tr. 50-51).

Following the hearing, Plaintiff saw Dr. Nancy Bunting, a state psychiatrist, on September 26, 2012, for a consultative mental examination. (Tr. 413-417). Plaintiff reported Celexa was helping her depression, did not describe problems interacting with others, indicated she interacted well with her family and neighbors, and described several current hobbies such as fishing (Tr. 413-416). Dr. Bunting diagnosed Plaintiff with dysthemia and cannabis dependence, assessed a GAF of 55-65, and opined "she is able to complete work like tasks within an acceptable time frame unless her pain interferes ... there were no symptoms that were atypical. (Tr. 417).

From the date of the previous ALJ decision to present, there is no indication Plaintiff's depression was a severe impairment. Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's decision relating to Plaintiff's severe impairments.

**B. Treatment of A Treating Physician's Opinion From 2010**

Plaintiff argues the ALJ failed to give substantial weight to the Medical Source Statement from her treating physician, Dr. Robin Williams, which was completed on February 23, 2010. (Tr. 317-321, Doc. 11 at 12-14).

As a preliminary matter, the Court must determine whether res judicata bars consideration of Dr. Williams's report, since Dr. Williams's medical records were dated before the ALJ's decision in the prior proceeding. Res judicata bars subsequent applications for DIB and SSI based on the same facts and issues the Commissioner previously found to be insufficient to prove the claimant was disabled. See 20 C.F.R. §§ 404.957(c)(1), 416.1457(c)(1); Hillier v. Soc. Sec. Admin., 486 F.3d 359, 364 (8th Cir. 2007). If res judicata applies, the medical evidence from the initial proceeding cannot be subsequently reevaluated. See Bladow v. Apfel, 205 F.3d 356, 360 n.7 (8th Cir. 2000).

Although the ALJ did not discuss whether Plaintiff's current claims were precluded by the decision in the prior case, since the ALJ did not reopen the first hearing, the principles of res judicata apply. See Bladow 205 F.3d at 361, n. 7 (8th Cir. 2000). Accordingly, Dr. Williams's Medical Source Statement and records cannot be reevaluated in this proceeding and can only be considered "as a background for new and additional evidence of deteriorating mental or physical conditions occurring after the prior proceeding." See Hillier, 486 F.3d at 365 (quoting Robbins v. Sec'y of Health & Human Servs., 895 F.2d 1223, 1224 (8th Cir. 1990)). Dr. William's reports written prior to the first hearing were only discussed by the ALJ as a backdrop to new evidence regarding Plaintiff's condition. Dr. Williams's Medical Source Statement was not entitled to controlling weight by the ALJ, and should not be reconsidered by this Court.

**C. Hypothetical Question to the VE**

After thoroughly reviewing the hearing transcript, along with the entire evidence of record, the undersigned finds that the hypothetical the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the undersigned finds the VE's opinion

constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff retained the capacity to perform the requirements of representative occupations such as lens inserter and zipper trimmer machine operator and was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on a properly phrased hypothetical question constitutes substantial evidence).

**IV. Conclusion:**

Having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's complaint should be dismissed with prejudice.

Dated this 17th day of February, 2015.

*s/ Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE